IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Patrick Saintil, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden of McCormick )<br>Correctional Institution, )<br>)<br>Respondent. )<br>) | Civil Action No.8:07-1096-CMC-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry #9).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on April 24, 2007. On June 18, 2007, the respondent filed a return and moved for summary judgment. By order filed June 19, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 26, 2007, the petitioner filed a response to the respondent's motion. The respondent then filed an amended return and memorandum supporting his motion for summary judgment on July 31, 2007. By order filed August 1, 2007, the petitioner was again advised pursuant to *Roseboro* of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 29, 2007, the petitioner filed a response to the respondent's amended return and memorandum.

## PROCEDURAL FACTS

The petitioner is a state prisoner currently housed at the McCormick Correctional Institution. In November 1999, the Edgefield County Grand Jury indicted the petitioner for distribution of cocaine. (App. 353-54.) On December 9, 1999, the petitioner, who was represented by attorney Michael Chesser, was tried by a jury before the Honorable James W. Johnson, Jr. (App. 1-353.) The petitioner was found guilty of distribution of cocaine, second offense. He was sentenced to twenty-four years and fined $30,000.

The petitioner timely filed a direct appeal. The petitioner's counsel filed an *Anders*[1] brief raising the following issue:

> The lower court erred in allowing the confidential informant to testify that he had bought drugs previously from appellant.

(Supp. App. 3.) On October 17, 2001, the South Carolina Court of Appeals affirmed the petitioner's conviction in an unpublished opinion. *State v. Patrick Saintil,* 01-UP-440 (S.C. Ct. App. 2001). On November 15, 2001, the petitioner filed an application for post-conviction relief ("PCR") raising the following issues:

> 1. Ineffective assistance of counsel;
>
> 2. Subject matter jurisdiction; and
>
> 3. Chain of custody.

(App. 356-360.) Subsequently, the petitioner submitted an undated, unsigned amendment to his PCR application alleging the following grounds:

> 1. Ineffective assistance of appellate counsel Wanda H. Haile;
>
> 2. Ineffective assistance of trial counsel Michael Chesser;
>
> 3. Applicant instructed court he was not satisfied with counsel;
>
> 4. Applicant was not afforded an interpreter;

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

2

> 5. Trial court denied motion to dismiss charges;
>
> 6. Trial court denied motion to relieve counsel;
>
> 7. Trial court denied motion for change of venue;
>
> 8. Trial court denied motion for defense to impeach codefendant;
>
> 9. Trial court denied motion for mistrial when Officer Goodman testified Applicant sold him more than 10 grams;
>
> 10. Procedural violation of the chain of custody;
>
> 11. Trial court erred by using misdemeanor conviction to enhance punishment; and
>
> 12. Misconduct by the prosecutor placing Applicant character in issue during closing argument.

(Supp. App. 2.) On August 16, 2002, the Honorable James R. Barber held a hearing on the petitioner's PCR application. The petitioner was present at the hearing and represented by attorney Michael S. Medlock. (App. 367-89.) On October 18, 2002, Judge Barber dismissed the petitioner's PCR application. The petitioner timely filed a notice of appeal. Attorney Medlock also represented the petitioner during this appeal. On July 23, 2004, the petitioner filed a Petition for Writ of Certiorari raising the following issue:

> Because the Appellant natively speaks French, the judge, participants and jury had trouble understanding the Appellant's statements at trial, and the Appellant had trouble understanding the questions asked of him by the judge and attorneys, and trouble understanding the testimony against him, he was rendered incompetent to assist with his own defense.

(Pet. for Writ of Cert. 2.) On May 24, 2006, the South Carolina Supreme Court denied the petitioner certiorari and sent the Remittitur to the Edgefield County Clerk of Court on June 9, 2006. On April 24, 2007, the petitioner filed this habeas petition raising the following grounds:

3

> **GROUND ONE:** Did the trial court err in finding that the Petitioner was not entitled to the appointment of an interpreter at his original trial?
> **SUPPORTING FACTS:** Because the Petitioner natively speaks French, the judge, participants and jury had trouble understanding the Petitioner's statements at trial, and the Petitioner had trouble understanding the questions asked of him by the judge and attorneys, and trouble understanding the testimony against him, he was rendered incompetent to assist with his own defense.
>
> **GROUND TWO**: The lower court erred in allowing the confidential informant to testify that he had bought drugs previously from Petitioner.
> **SUPPORTING FACTS:** Confidential informer Alvin Stevens testified that on October 2, 1998, Petitioner came to his house to see if he wanted any crack. Stevens told petitioner to come back by his house around midnight. Stevens testified that he has bought dope from Petitioner on numerous [occasions] and his counsel did [not] object and say it was prohibited.

(Pet. 5-7.)

## **APPLICABLE LAW**

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine

issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**Standard of Review in § 2254 Petitions**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

## DISCUSSION

**GROUND ONE**

In Ground One, the petitioner contends that the trial court erred in finding he was not entitled to an interpreter at his trial. He asserts that his native language is French and that during the trial he had trouble understanding the judge's and attorneys' questions and witnesses' testimony. He also alleges that the trial judge, participants, and jury had trouble understanding his testimony. As a result, he alleges that he was incompetent to assist with his own defense.

In his PCR, the petitioner raised this issue in the following context: "Did the trial court err in finding that the Petitioner was not entitled to the appointment of an interpreter at his original trial?" The petitioner did not raise this issue in the context of an ineffective assistance of counsel claim. However, the PCR court treated the issue as raising an

ineffective assistance of counsel claim and the respondent concedes that this issue alleging ineffective assistance of counsel has been exhausted.[2]

The PCR court found trial counsel was not ineffective for failing to request that the trial court appoint an interpreter for the petitioner. (App. 392-393.) The PCR court stated that the petitioner has been living in the United States, on and off, since 1980. (App. 392.) He found that the petitioner had no appreciable difficulty understanding questions asked of him by the attorneys and no trouble communicating or understanding trial counsel. (App. 393.) He noted the only communication problem that may have existed was the jury's understanding of the petitioner's testimony. (*Id.*) The PCR court, however, stated that trial counsel repeated the petitioner's answers and lead him through testimony. (*Id.*)

To prove ineffective assistance of counsel, the petitioner must show that: (1) trial counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id.* at 688. An

---

[2]In his original return and memorandum, the respondent argued that this allegation was procedurally defaulted because it was not expressly raised to the state courts on direct appeal. Further, on appeal of the denial of his PCR, the petitioner raised the issue of whether he was incompetent and not as an ineffective assistance of counsel claim:

> Because the Appellant natively speaks French, the judge, participants and jury had trouble understanding the Appellant's statements at trial, and the Appellant had trouble understanding the questions asked of him by the judge and attorneys, and trouble understanding the testimony against him, he was rendered incompetent to assist with his own defense.

(Pet. for Writ of Cert. 2.) Therefore, in his original return, the respondent did not treat the issue as raising one for ineffective assistance of counsel and argued the issue was not exhausted on direct appeal. However, in the amended return in response to the petitioner's affidavit opposing summary judgment (Docket Entry # 11), the respondent now concedes that this issue is one raising ineffective assistance of counsel and has been exhausted (Docket Entry # - Resp.'s Am. Return at 4). Therefore, the undersigned will address this issue as one alleging ineffective assistance of counsel.

attorney's performance prejudices the defense when his errors are "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The proper inquiry is whether the absence of an interpreter actually prejudiced the petitioner's defense. *United States v. Ademaj*, 170 F.3d 58 (1st Cir. 1999) (citing *United States v. Cronic*, 466 U.S. 648, 659 n. 26 (1984)). "The capacity to converse in English, and any concomitant need for an interpreter, represent fact-intensive inquiries implicating such considerations as the defendant's intelligence, education, and the length of time he has been exposed to an English - speaking environment, as well as the relevant English-language skills of the defendant and any foreign-language skills of defense counsel. . . " *Id*. at 62-63.

There are numerous instances in the trial transcript when the court reporter noted some words in the petitioner's testimony were "inaudible." (See App. 268, 269, 277, 281.)[3] In fact, prior to the start of the trial, the trial court raised this issue and stated that he had difficulty understanding the petitioner and that he and the court reporter may have to stop the petitioner and ask him to repeat himself. (App. 238, 282.) Trial counsel testified at the PCR hearing that the he communicated well with the petitioner and that he believed the petitioner understands English well but that his heavy accent made it difficult to understand him. (App. 384.)

Without a doubt, there was some difficulty caused at trial by the petitioner's heavy accent. However, it does not appear that the petitioner did not understand English or failed to understand the questions he was being asked. The trial transcript shows that the

---

[3] There are also numerous instances in the trial transcript during a pretrial hearing when the court reporter transcribed some words in the petitioner's testimony as "inaudible" and at other times the trial counsel repeated the petitioner's testimony. (See, e.g. App. 30, 32, 33, 34, 35, 36, 37, 41, 42, 44, 45, 48.) The court notes that the frequency of these instances was substantially less during the petitioner's testimony during trial.

8

petitioner understood what was going on in the proceeding and he answered questions appropriately without hesitation during the trial. Moreover, the petitioner has failed to affirmatively show prejudice as he has not indicated how specifically that the absence of an interpreter harmed his case. *Strickland*, 466 U.S. at 693. Accordingly, even if trial counsel's performance was deficient, there is no evidence to show that the petitioner was prejudiced by the absence of an interpreter.

As the PCR court found, the petitioner has not demonstrated that his counsel performed outside the range of professionally competent assistance because he has not demonstrated a need for an interpreter or any prejudice from the lack of one. The PCR judge's adjudication of the matter was not contrary to clearly established Supreme Court precedent, nor was it unreasonable determination of the facts in light of the evidence presented. Therefore, the petitioner's claim of ineffective assistance is without merit.

**GROUND TWO**

In Ground Two, the petitioner asserts that the trial court erred in allowing the confidential informant, Alvin Stevens, to testify that he previously bought drugs from the petitioner. The respondent contends that this allegation fails to state a claim upon which habeas relief may be granted because this is an issue of state evidentiary law. Further, the respondent contends that the petitioner's argument of a due process violation was not fairly encompassed within the issue presented to the state courts which related solely to the question of the trial court's failure to grant a mistrial based upon Stevens' testimony.

The petitioner raised the following issue on direct appeal to the South Carolina Supreme Court: Whether "the lower court erred in allowing the prior bad act testimony into evidence, in violation of appellant's right to a fair trial under the fourteenth amendment due process clause and article I, § 3 of the South Carolina State Constitution." (App.'s Final *Anders* Brief at 8.)

Habeas relief is available to state prisoners in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Violations of state law and procedure that do not implicate specific federal constitutional provisions are not cognizable in habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)( holding "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Spencer v. Murray*, 5 F.3d 758, 763 (4th Cir. 1993)(holding "claim about the admissibility of evidence under state law rarely is a claim upon which federal habeas corpus relief can be granted.").

Generally, federal habeas relief is available with respect to a trial court's evidentiary ruling only if the ruling denied the defendant the right to a fair trial. *See Abrams v. Barnett*, 121 F.3d 1036, 1042 (7th Cir. 1997). When the challenged evidentiary ruling "so infected the entire trial that the resulting conviction violates due process," it is presumed that the defendant was denied a fair trial. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Bunch v. Thompson*, 949 F.2d 1354, 1365 (4th Cir.1991). The proper inquiry for the court is whether the admission of the evidence itself so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72.

Here, there was no due process violation. On direct examination, Stevens testified that he wanted to purchase an ounce and a half of crack cocaine from the petitioner, but the petitioner said that he only had a half of an ounce which Stevens bought from him. The petitioner's attorney objected and subsequently moved for a mistrial. The trial judge denied the mistrial, but agreed to give a curative instruction. (App. 176-80.)

The trial judge then gave the following curative instruction:

> Ladies and Gentlemen, we are going to continue with the testimony. Before we do that, I need to give you one instruction at this time. The witness' last statement that was made before

10

> we took that break was unresponsive to the question that had been asked. It was improper testimony; it was irrelevant to the issues that are before you or will be before you in this case. For that reason you should completely disregard the last statement, and that last statement should be given no weight whatsoever in your deliberations in this case.

(App. 183.)

An instruction to disregard objectionable evidence is usually deemed to cure an error unless it is probable that notwithstanding such instruction, the accused was prejudiced. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir.1997) (holding decision whether to grant a mistrial is left to the broad discretion of the trial court); *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)(holding under the only "most extraordinary circumstances"does a limiting instruction fail to "cure . . . unfair prejudice"); *see also United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980).

Applying these cases, it is clear that the trial judge did not abuse his discretion in denying the mistrial motion, in light of the subsequent curative instruction. Further, the petitioner does not contend the curative instruction was ineffective. Accordingly, the state court's adjudication of the matter was not contrary to clearly established Supreme Court precedent, nor was it unreasonable determination of the facts in light of the evidence presented. Therefore, the petitioner's claim is without merit.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (# 9) be GRANTED and the habeas petition be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 16, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).